IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Charles Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:19-02086-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sumter Lee Regional Detention Center; Quality Correctional Health Care; Lt. Sweat, *Correctional Officer*; Lt. Neal, *Lt. of Corrections*; Sgt. Riddick, *Sergeant of Corrections*; Ofc. Miller, *Correctional Officer*, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Charles Anderson ("Anderson"), a state pretrial detainee proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. (Compl., generally, ECF No. 1.) In his Report and Recommendation filed on October 24, 2019, Magistrate Judge Marchant recommends dismissing one of the defendants, the Sumter Lee Regional Detention Center ("SLRDC"), without prejudice and without issuance and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

service of process because the SLRDC is not a person who may be found liable for constitutional violations under § 1983.[2] (R&R, generally, ECF No. 17.)

First, Anderson filed a motion to amend/correct the complaint to change a defendant's name. (Mot. to Amend., ECF No. 21.) Anderson contends that the detention center that he filed suit against changed its name to "South Carolina Sheriff Office Detention Center, better known as Sumter Lee Regional Detention Center." (Id., ECF No. 21.) Moreover, Anderson wanted to "add these defendants" to his suit. (Id., ECF No. 21.) However, because Anderson cannot sue the SLRDC under § 1983, regardless of its name, as it does not act under color of state law, Anderson's motion to amend/correct the complaint is denied.

Second, Anderson filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Nelson v. Lexington Cty. Det. Ctr., C.A. No. 8:10-cv-02988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (unpublished) (finding that a plaintiff failed to establish that a detention center, as a building and not a person, is amendable to suit under § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons[,]' and the jail is not a person amendable to suit."); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), *vacated in part on other grounds*, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under [] § 1983.").

Upon review, the court finds that Anderson's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. Accordingly, after review, the court finds that Anderson's objections are without merit. Therefore, because Anderson cannot sue the SLRDC, the court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein by reference.

Additionally, in the objections, Anderson lists the names of persons he seeks to add as defendants to the instant matter. (Objs. 3, ECF No. 22.) Anderson does not allege any facts or claims to support adding these persons as defendants. The court finds that this is not a proper objection to the Report and Recommendation and thus, the court cannot expand the scope of Anderson's complaint based on this objection. See Nesbitt v. South Carolina Dep't of Corrs., No. 0:13-cv-2456-RMG, 2014 WL 66738, at *1 (D.S.C. Jan. 8, 2014) (unpublished). However, Anderson may proceed with his claims against the remaining defendants. In addition, if Anderson seeks to add defendants and claims, he may file a motion to amend the complaint for consideration by the court.

It is therefore

**ORDERED** that Anderson's motion to amend/alter the complaint, docket number 21, is denied. It is further

**ORDERED** that the SLRDC is dismissed as a defendant without prejudice and without issuance of and service of process.

**IT IS SO ORDERED**.

                                                        s/Henry M. Herlong, Jr.
                                                       Senior United States District Judge

Greenville, South Carolina
November 25, 2019